## DIULIUS v. UNITED STATES.

### RIDGE v. SAME.

Nos. 5570, 5638.

Circuit Court of Appeals, Third Circuit.

July 30, 1935.

Wm. T. Connor and John R. K. Scott, both of Philadelphia, Pa., for appellants.

H. S. Dumbauld, U. S. Atty., and James I. Marsh, Asst. U. S. Atty., both of Pittsburgh, Pa., and Louis E. Graham, Sp. Asst. to the Atty. Gen., for the United States.

Before BUFFINGTON and THOMPSON, Circuit Judges, and FORMAN, District Judge.

BUFFINGTON, Circuit Judge.

In the court below the appellants, Albert Diulius and Joseph Ridge, together with others, were indicted, found guilty, and sentenced on an indictment containing one count, which charged a conspiracy to violate section 19 of the Criminal Code (18 USCA § 51).

■ We consider first the appeal of Diulius, whose brief, in accordance with our rules, states there are five questions involved, the two first of which we now consider, viz.:

"Was the evidence sufficient to sustain a conviction for conspiracy?"

"Did the trial judge err in refusing requests for a verdict of not guilty?"

The proofs tended to show that Diulius was judge at the election complained of, at which a United States Senator, a member of Congress, and presidential electors were to be voted for. He signed the election certificate which stated, inter alia, that the Republican candidate for Congress received 287 votes and the Democratic candidate received 43, when, as was admitted, there were cast 81 straight Democratic tickets.

In view of the above and other proofs, we think it would have been error for the trial judge to have refused to submit the case to the jury.

■ The third and fifth questions involved are:

"Did the learned trial judge err in his charge to the jury?"

"Was the charge of the trial judge inadequate?"

We here note that no objection was made, or exception taken, to the charge as made or to its inadequacy. In the face of such a record, while it would be unfair to convict the judge of error when no such question was raised below, yet, in the interest of liberty, and appellants having a fair trial, we have reviewed the charge and rulings of the court, with the result that we are satisfied the charge was both right and adequate.

■ It remains to consider the fourth question involved, which, as stated by counsel, is:

"Did the trial judge err in refusing to affirm requests for charge?"

Counsel had presented 34 points or requests for charge. To what error, under what point, did the omnibus exception refer? In what one of the 31 assignments of error is there a compliance with the rule of this court which requires that an assignment "shall set out separately and particularly each error asserted and intended to be urged." In view of this situation, this court might disregard such question, but in the interest of securing a fair trial, we have considered points 4, 5, and 9, which counsel say the court should have specifically charged. Point 4 refers to the necessity of cooperation by the alleged conspirator, viz., "without * * * agreement to cooperate is not enough to constitute one a party to a conspiracy." And point 5 refers to the necessity of showing "an intentional participation in the attempt to commit the offense." But this element of individual participation was in substance charged by the court when it called the jury's attention to that feature in saying: "It is sufficient if there is a concert of action, all of the parties working together understandingly, with a single design and for the accomplishment of a common purpose. It is not necessary that each conspirator have knowledge of all the details of the conspiracy or the means to be used; nor is it necessary that the conspirators should meet together, in order to constitute an unlawful combination. If they have a mutual understanding, and act through one or more individuals as a consequence of such mutual understanding, the conspiracy is complete." Clearly, this language referred to the subject-matter of these points, and the judge so understood it, stating as he did at the conclusion of the charge: "Now, so far as the points for charge are concerned, we are of the opinion that we have properly covered the law of this case in our general charge, and that we have properly covered all the requests made by any of the defendants which we may properly do; and in so far as we have not covered any of the points made by the defendants in their requests for charge, they are now refused. The defendants' motions for binding instructions in their favor, as filed by each of them, are denied. Have counsel now on either side request for further or additional charges on any point?" Whereupon counsel called attention to some particular matters not here involved, but called no attention specially to the foregoing points.

After careful consideration of all matters involving the case of Diulius, the judgment below is affirmed.

■ As to the appellant Ridge, who was a constable and peace officer present at the election. He called no witnesses, while the other defendants did. Thereupon Ridge asked the court to give binding instructions in pursuance of his request

to charge as follows: "The only evidence upon which you jurors may deliberate in arriving at a verdict of 'guilty' is that evidence which was adduced by government witnesses before the government rested its case. No evidence adduced or brought forth by defense witnesses can be considered as substantive evidence of guilt as to Joseph Ridge." In that regard we follow the ruling of the First Circuit in Blakeslee v. U. S. (C. C. A.) 32 F.(2d) 15, where it held that on some of the conspirators resting without offering evidence, the trial court properly declined to rule that evidence thereafter adduced could not be considered against them. The judgment against Ridge is therefore affirmed.