## CONNELLY v. UNITED STATES.

## DOLAN v. SAME.

### Nos. 5571, 5572.

Circuit Court of Appeals, Third Circuit.

July 30, 1935.

Wm. T. Connor and John R. K. Scott, both of Philadelphia, Pa., for appellants.

H. S. Dumbauld, U. S. Atty., of Pittsburgh, Pa., Louis E. Graham, Sp. Asst. to the Atty. Gen., and James I. Marsh, Asst. U. S. Atty., of Pittsburgh, Pa., for the United States.

Before BUFFINGTON and THOMPSON, Circuit Judges, and FORMAN, District Judge.

BUFFINGTON, Circuit Judge.

In the court below the appellants, Thomas A. Dolan and William Connelly, were, with several others, found guilty and sentenced on an indictment containing one count charging them with conspiracy to violate section 19 of the Federal Criminal Code (18 USCA § 51; section 5508 of the Revised Statutes). Thereupon the two above defendants took this appeal, and, as provided by our rule, state the questions involved as follows:

"1. Was the evidence sufficient to sustain a conviction for conspiracy?

"2. Did the trial judge err in refusing requests for a verdict of not guilty?

"3. Did the learned Trial Judge err in his charge to the jury?

"4. Did the trial Judge err in refusing to affirm requests for charge?

"5. Was the charge of the trial Judge inadequate?"

Taking the two first questions. Was the court in error in refusing binding

instructions in favor of the appellants? The proofs show that Dolan was the judge and Connelly the majority inspector at the election in question, at which candidates for United States Senator, members of Congress and presidential electors were voted for. Sixty-two voters testified they had voted the straight Democratic ticket, but when the ballot box was opened at the trial only 18 straight Democratic ballots were found therein. Both appellants signed the return sheet of the election. Such return was purported to be signed by M. Spandau, clerk, who was indicted under the name of John Doe. It appears that Dolan introduced a person to Alice Daschbach, the minority inspector, saying, "Miss Daschbach, this is Mr. Spandau, who is going to be your clerk for the day," and followed this by saying that Spandau lived at 4600 Bayard street. A witness, M. M. Spandau, testified that he formerly lived at 4600 Bayard street; that he knew Dolan, who lived at the same address; that he, Spandau, had moved from there eight months before the election; that he was not registered as a voter for such election; that he did not vote at the election; that he did not serve on the election board; and that the signature "M. M. Spandau" on the election return was not his. It appeared that the polls closed about 3 o'clock, and that Dolan and Connelly were the only members of the board present from that time until they delivered the ballot box the next morning to its place of custody. In view of these proofs and of others that might be cited, it is clear to us the court committed no error in refusing to give binding instructions to the jury to find a verdict of not guilty.

We next consider questions 3 (which concerns alleged errors in the charge of the court) and 5, which alleges inadequacy. It suffices to say that no exception was taken, or objection made, to anything in the charge or to its now alleged inadequacy. As no such questions were raised below, they cannot avail here. But in view of the case involving liberty, we have duly considered the charge, and, as stated in an opinion in substantially similar election cases [(C. C. A.) 79 F.(2d) 371], Nos. 5570 and 5638, we consider the charge was adequate, fair, and sufficient.

It remains to consider the fourth question, which concerns the court's alleged refusal of the points. To this present case we may apply the ruling and reasoning of the court in (C. C. A.) 79 F.(2d) 371, case No. 5570 and repeating, in substance, we may say counsel had presented 33 points or requests to charge. To what error, under what point, did the omnibus exception taken by counsel in this case refer? In what one of the 31 assignments of error is there a compliance with the rule in this court which requires that an assignment "shall set out separately and particularly each error asserted and intended to be urged." In view of this situation, this court might disregard such question, but in the interest of securing a fair trial, we have considered the particular points which counsel now say the court should have specifically charged. Point 4 refers to the necessity of co-operation by the alleged conspirator, to wit, "without * * * agreement to cooperate is not enough to constitute one a party to a conspiracy." And point 5 refers to the necessity of showing "an intentional participation in the attempt to commit the offense." But this element of individual participation was in substance charged by the court when it called the jury's attention to that feature, saying: "It is sufficient if there is a concert of action, all of the parties working together understandingly, with a single design and for the accomplishment of a common purpose. It is not necessary that each conspirator have knowledge of all the details of the conspiracy, or the means to be used; nor is it necessary that the conspirators should meet together, in order to constitute an unlawful combination. If they have a mutual understanding, and act through one or more individuals as a consequence of such mutual understanding, the conspiracy is complete." Clearly, this language referred to the subject-matter of these points. The judge so understood it, stating as he did at the conclusion of the charge: "Counsel for defendants has also submitted some thirty-three points of charge in behalf of all four of the defendants. We think that we have covered in our general charge all of these points that we can properly affirm; and except as these points of charge are covered by our general charge, we refuse them." Whereupon counsel called attention to

some particular matters not here involved, but called no attention specially to the foregoing points.

After careful consideration of all questions raised and discussed, we are of opinion the judgments below should be affirmed.